# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| MARIETTA MAHOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 7:15-cv-00572-JHE |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

Plaintiff Marietta Maholmes ("Maholmes") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Maholmes timely pursued and exhausted her administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **REVERSED** and this action is **REMANDED** for further administrative proceedings.

### I. Factual and Procedural History

Maholmes filed her application for DIB and SSI in January 2012, alleging she became unable to work beginning December 18, 2011. (Tr. 109-118). The Agency initially denied

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 15).

Maholmes' application on April 5, 2012. (Tr. 60-71).  Maholmes then requested a hearing where she appeared in September 2013.  (Tr. 31-57).  After the hearing, the Administrative Law Judge ("ALJ") denied Maholmes' claim on September 27, 2013.  (Tr. 17-26).  Maholmes then sought review by the Appeals Council on November 24, 2013. (Tr. 178-180).  On February 10, 2015, the Appeals Council declined Ms. Hudson's request for review (Tr. 1-3), making the Commissioner's decision final and a proper candidate for this Court's judicial review.  *See* 42 U.S.C. § 405(g) or § 1383(c).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528,

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI").  However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Maholmes has not engaged in substantial gainful activity since December 18, 2011, the alleged onset date. (Tr. 19).  At Step Two, the ALJ found Maholmes has the following severe impairments: cardiomyopathy/coronary artery disease status post myocardial infarction with stenting, hypertension, diabetes mellitus, neuropathy, and iron deficiency anemia.  (*Id.*).  At Step Three, the ALJ found Maholmes does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

Before proceeding to Step Four, the ALJ determined Maholmes' residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1).  The ALJ determined that Maholmes has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except Maholmes has the ability to

occasionally balance, stoop, kneel, crouch and crawl. (Tr. 22). Accordingly, at Step Four, the ALJ determined that Maholmes is capable of performing past relevant work as a cleaner and as a sitter/companion. (Tr. 25). Thus, the ALJ determined Maholmes has not been under a disability and denied Maholmes' claim. (Tr. 26).

### V. Analysis

Maholmes argues she is entitled to relief from the ALJ's decision because the ALJ failed to expressly state the weight he accorded Dr. John R. Goff's opinions. (*See* Doc. 10; Doc. 13). Dr. Goff, a non-treating physician, performed a psychological examination of Maholmes on August 22, 2013. (Tr. 338). After examining Maholmes, Dr. Goff diagnosed Maholmes with Cognitive Disorder (Loss), Adjustment Disorder with Depressed Mood, Cognitive Disorder (Memory Loss), and Borderline Intellectual Functioning. (Tr. 342).

An "ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1176 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)); *see also McClurkin v. Social Sec. Admin.*, 625 Fed. Appx. 960, 962 (11th Cir. 2015) (reversing the ALJ's decision for failing to specify weight given or grounds for discounting non-treating physician opinion). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* (quoting *Cowart v. Schweiker*, 662 F. 2d, 735 (11th Cir. 1981)). Here, the ALJ acknowledged and discussed to some extent Dr. Goff's opinion, but never stated what weight should be given to it.

The ALJ reviewed Dr. Goff's opinion and made some observations about it at Step Two before concluding Maholmes had no medically determinable mental impairment. (Tr. 20). Dr.

5

Goff administered the Wechsler Adult Intelligence Scale-IV, on which Maholmes achieved a borderline score. (Tr. 20, 340). The ALJ noted despite this, Maholmes had graduated high school. (Tr. 20). The ALJ also dismissed statements made by Maholmes to Dr. Goff about fatigue and depression as unsupported by objective medical evidence, noting she had previously complained of fatigue on one or two occasions but had not reported depression to her treating physicians. (*Id.*). Dr. Goff opined Maholmes was preoccupied with her physical condition to a "somewhat excessive" extent, though the ALJ stated Maholmes' noncompliance with medical treatment and failure to exercise indicated no such preoccupation. (*Id.*). The ALJ also stated it was unclear whether Dr. Goff had noted inconsistencies between Maholmes' allegations and the medical records Dr. Goff reviewed. (*Id.*). Finally, the ALJ found no medically determinable mental impairment based upon Maholmes' lack of mental health complaints to her treating physicians, lack of allegations of mental health issues, and credibility problems. (*Id.*).

The Court could guess as to what weight these findings indicate, but the fact remains the ALJ failed to explicitly assign a weight to Dr. Goff's opinion as required by the law of this circuit. Without such an explicit statement of weight, this Court does not have a basis for reviewing whether the ALJ's decision was supported by substantial evidence; therefore, remanding this case is not a useless formality, but necessary for proper review. On remand, the ALJ must state with particularity the weight given to Dr. Goff's opinions.[4]

### VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Maholmes' claim for a period of disability and disability insurance benefits is

---

[4] To the extent that the ALJ did not do so, the ALJ should state with particularity the weight given to each treating and non-treating physician's opinion.

**REVERSED** and **REMANDED** for further administrative proceedings consistent with the Court's memorandum opinion.

DONE this 29th day of September, 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE